In my opinion, the trial court's decision here contains a patent inconsistency that renders it arbitrary and unreasonable. It says that the payment of $107,332.61 in monthly installments of $1000 willequalize the division of property, but on the face of the trial court's opinion and the magistrate's decision, that amount would equalize the property division only if it were paid immediately. The payment of this amount in future installments, without accrued interest, makes it substantially less valuable to plaintiff and results in an unequal
division of property.
While an unequal division is not necessarily inequitable, the trial court's inconsistency allows for two potential conclusions: either the award should be equalized by awarding plaintiff interest, or an unequal division should be found to be equitable. This court's power to review the trial court's decision for abuse of discretion does not empower it to decide among these two viable options, particularly in light of the trial court's determination that an equal division would be equitable and its direct (and inaccurate) statement that the sums to be paid by Mr. Greiner "represent the sum necessary, along with Mr. Greiner's payment of all of the marital debt to equalize the division of property." Since the matter is within the trial court's discretion in the first instance and the trial court has superior access to the facts that would guide a decision, I would vacate and remand for further consideration.
Accordingly, I dissent.